IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| JAMES ARTHUR BIGGINS, | ) |
| --- | --- |
| Plaintiff, | ) ) ) ) |
| v. | ) Civ. Action No. 13-1688-GMS ) |
| DELAWARE DEPARTMENT OF CORRECTION, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on October 11, 2013 seeking injunctive relief. (D.I. 1.) Biggins appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## I. BACKGROUND

Biggins seeks an order of protection pursuant to Fed. R. Civ. P. 65. Biggins alleges that on or about September 1, 2013, the defendant Delaware Department of Correction ("DOC") issued and circulated a memorandum ordering inmates, who receive morning and evening medication dispensed by the defendant Correct Care Solutions, Inc. ("CCS") and its civil medical personnel, to take the medication orally by opening capsules or crushing the medication into cups of water. Biggins take neurontin, a time-released, pain medication. Biggins alleges that the way the medication is dispensed "has been an ongoing crisis for him." (D.I. 1 at 2.) He alleges that medications are not being dispensed in accordance with prescribed orders and his medication is

not being dispensed in compliance with the medical community administration and manufacturer's recommended directions for usage. Biggins asserts that this practice increases his pain. In addition, Biggins alleges that mouth searches are conducted twice daily when there is no apparent reason to believe that he is not taking his medication. Biggins describes the oral searches as harassment.

Biggins alleges that the defendants are "voluntarily committing known unconstitutional acts" showing irreparable harm and likely future health care problems. He seeks injunctive relief to order the defendants to dispense the medication as approved and/or recommended and to stop unnecessary oral searches.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Biggins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Biggins leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e]

whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Protective Order

Whether Biggins' motion for a protective order pursuant to Fed. R. Civ. P. 65 should issue is governed by four factors. "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985)). As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)). Thus, when considering such requests, courts are cautioned that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Accordingly, in order for Biggins to sustain his burden of proof that he is entitled to a preliminary injunction under Fed. R. Civ. P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he

4

will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998).

In addition, "[t]he court must also consider the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, which modifies the standards for granting injunctive relief to current inmates." *Leon v. Schaff*, 2007 WL 3025694, at *3 (Oct. 15, 2007). Under the PLRA, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. . . ." *Id.* (quoting 18 U.S.C. § 3626(a)(2) (internal quotation marks omitted). Additionally, "a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration." *Thorn v. Smith*, 207 F. App'x 240, 241 (3rd Cir. 2006) (unpublished) (internal quotation marks omitted)).

Here, Biggins requests injunctive relief of a presumably permanent nature to impose new, mandatory conditions on prison officials. A request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518 (3d Cir. 1995).

Biggins has not shown a likelihood of success on the merits. He raises a medical needs claim and opposes oral searches made to determine if an inmate is taking his medication. With regard to the medical needs claim, it is obvious that Biggins is receiving medication. His issue is the way it is administered. Other than argument, Biggins, a layman, provided nothing to support

his position regarding the administration of medication. As is well established, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted). With regard to the oral search claim (which is somewhat similar to visual body cavity search), such a search "may be conducted by prison officials without probable cause, but that [it] must be conducted in a reasonable manner." *Brown v. Blaine*, 185 F. App'x 166, 169 (3d Cir. 2006) (unpublished) (citing *Bell v. Wolfish*, 441 U.S. 520, 559-60 (1979)). Biggins baldly asserts the searches are harassing, but provides no facts to support the claim.

Further, while the court does not, in any way, diminish Biggins' complaints, the court finds that he not shown an immediate irreparable harm justifying a preliminary injunction. *See e.g., Rivera v. Pennsylvania Dep't. Of Corrections*, 346 F. App'x 749 (3d Cir. 2009) (denying inmate request for injunction). Finally, Biggins has not demonstrated that issuing an injunction will be in the public interest. The public interest is better served when prisons are run efficiently and operated by prison officials. *See Turner v. Safley*, 482 U.S. 78, 85 (1987).

Because Biggins failed to demonstrate the likelihood of success on the merits and has not shown that he suffers an irreparable harm. Moreover, granting a protective order could harm the public's interest. Therefore, the court will deny without prejudice the Rule 65 motion.

### B. The Complaint

The court screens the complaint to the extent Biggins intended the motion for injunctive relief to also serve as a complaint. Two defendants are named - the DOC and CCS. The DOC is immune from suit pursuant to the Eleventh Amendment. *See Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (unpublished). Accordingly, the court will dismiss the DOC as it is immune

from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2). Biggins will be allowed to proceed with his claims against CCS.

## IV. CONCLUSION

For the above reasons, the court will deny the motion for preliminary injunction without prejudice and will dismiss the DOC as a defendant as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2). The plaintiff has alleged what appear to be cognizable claims against the defendants CCS.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Sept 8, 2014
Wilmington, Delaware