IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| JAMES ARTHUR BIGGINS, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 13-1688-GMS ) |
| CORRECT CARE SOLUTIONS, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), is an inmate incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. On September 9, 2014, the court entered an order that denied Biggins' motion for injunctive relief and dismissed the defendant the Delaware Department of Correction ("DOC") following screening of the complaint. (D.I. 12, 13.) Biggins filed a motion for judgment of relief pursuant to Fed. R. Civ. P. 60(b) and seeks to reinstate the DOC. (D.I. 14.) The court construes the motion as a motion for reconsideration.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for

1

reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The court finds that Biggins has failed to demonstrate any grounds for reconsideration. Therefore, the court will deny the motion for reconsideration. Biggins will be given additional time to comply with the September 9, 2014 order.

_____
UNITED STATES DISTRICT JUDGE

Jan 21, 2015
Wilmington, Delaware