IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| JAMES ARTHUR BIGGINS, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 13-1688-GMS ) |
| CORRECT CARE SOLUTIONS, | ) ) |
| Defendant. | ) |

## **MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), is an inmate incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. On March 24, 2015, the court dismissed the case for Biggins' failure to provide correct USM-285 forms and service copies of the complaint. (D.I. 26.) Biggins moves for reconsideration and seeks to reopen the case. (D.I. 27.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be

1

appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Biggins filed this lawsuit against Correct Care Solutions ("CCS"), a medical contractor who provided medical and mental health services to inmates held in Delaware Department of Correction ("DOC") institutions. Biggins filed this matter as a motion for preliminary injunction. The court screened the filing to the extent Biggins intended the motion for injunctive relief to also serve as a complaint. (*See* D.I. 12.) Biggins seeks only injunctive relief.

The court docket indicates that Biggins was notified on two separate occasions of deficiencies with the submitted USM-285 forms. (D.I. 20, 22.) Nonetheless, Biggins contends he received only one notice. Regardless, he failed to comply with this court's orders. The court notes that Biggins is a seasoned litigant having filed more than thirty lawsuits in this court.

In addition, Biggins advises the court that CCS is no longer affiliated with the DOC and that the services are now provided by Connections CSP, Inc. (*See* D.I. 24, Biggins' letter/motion to substitute CCS with Connections CSP, Inc.). He seeks relief from the current medical service provider who is not a party to this action. Biggins has available to him the option of filing a complaint against the current medical service provider. CCS cannot provide the relief that Biggins seeks, given that it is no longer the medical service provider for the DOC.

The court finds that Biggins has failed to demonstrate any grounds for reconsideration. Therefore, the court will deny the motion for reconsideration.

July 17, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

2