IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1688-GMS |
| | ) |
| CORRECT CARE SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on October 11, 2013 seeking injunctive relief. (D.I. 1.) Biggins appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.)

### II. BACKGROUND

Biggins filed this lawsuit against the Delaware Department of Correction ("DOC") and Correct Care Solutions, Inc. ("CCS"), a medical contractor who provided medical and mental health services to inmates held in Delaware Department of Correction ("DOC") institutions.[1] Although Biggins filed this action as a motion for preliminary injunction, the court screened the filing to the extent Biggins intended the motion for injunctive relief to also serve as a complaint and dismissed the DOC.[2] (*See* D.I. 12.)

---

[1] CCS was the medical service provider from July 1, 2010 to June 30, 2014.

[2] Biggins seeks only injunctive relief.

Biggins was allowed to proceed against CCS, and a service order was entered that required him to provide complete USM-285 forms for CCS as well as for the Attorney General of the State of Delaware so that service could take place.[3] (D.I. 13.) The court docket indicates that on two separate occasions, Biggins was notified of deficiencies with the submitted USM-285 forms. (D.I. 20, 22.) Biggins initially submitted USM-285 forms for Director of Medical C.D. McCoy, a non-defendant, and former Delaware Attorney General Joseph F. Biden, who was no longer the Attorney General.[3] (D.I. 20.) Biggins was advised to submit USM-285 forms for CCS as well as for the current Attorney General of the State of Delaware. (*Id.*) He did not. Instead, on February 10, 2015, Biggins submitted USM-285 forms for Dr. Lynch and Christine Francis of Connections CSP Inc., neither of whom were named as defendants in this action. (D.I. 22.) On February 11, 2015, Biggins was once again advised to submit the correct USM-285 forms, and he was referred to, and provided a copy of, the court's September 9, 2014 service order. (*Id.*)

After the time for submitting the correct USM-285 forms had passed, the court dismissed the case without prejudice on April 15, 2015 pursuant to Fed. R. Civ. P. 4(m) because Biggins had failed to timely submit the required USM-285 forms for service. (D.I. 26.) On April 24, 2015, Biggins filed a motion for reconsideration. (D.I. 27.) Therein he argued that he received

---

[3]Biggins filed a motion for reconsideration of the screening order that was denied on January 21, 2015. The order gave Biggins an additional 45 days from the date of the order to submit the required service documents. (D.I. 18.).

[3]The incorrect USM-285 forms were received by the court on January 27, 2015.

only one notice.[4] In addition, Biggins advised the court that CCS was no longer affiliated with the DOC, that the services were now provided by Connections CSP, Inc., and he moved to substitute CCS with Connections CSP, Inc. The court found that Biggins sought relief from the current medical service provider who is not a party to this action, noted that Biggins had available to him the option of filing a complaint against the current medical service provider, and concluded that CCS could not provide the relief that Biggins sought, given that it is no longer the medical service provider for the DOC. The court found that Biggins had failed to demonstrate any grounds for reconsideration and denied the motion. (D.I. 29.)

Biggins has now filed a motion for judgment of relief pursuant to Fed. R. Civ. P. 60(b)(6). (D.I. 30.) He argues that the court "is bound by controlling law to correct clear error of law and facts . . . to prevent a manifest injustice." (*Id.* at 1.) Biggins states that, "this court holds that essentially [my] failure to submit USM-285 form naming correctly the medical director and medical administrator on two separate occasions serves as a deliberate act not to comply with the court's order naming those two individuals as employees for Correct Care Solutions, Inc." (*Id.* at 2.) Biggin argues that this court "abused its authority in dismissing his complaint for such a 'noval' [sic] inaction." (*Id.* at 2.) Biggins argues that he sought additional time to try to learn the correct names of defendant, that he attempted to move the case along by notifying the court of the change of medical contract care providers and sent the court the new names. (*Id.*) Finally, Biggins argues that his actions were taken in "bad faith." (*Id.* at 3.)

Biggins asks the court to vacate the dismissal order (D.I. 26) and to reopen the case in the interest of justice.

---

[4]The court receipts show that the deficiency notices were mailed to Biggins at his address at the James T. Vaughn Correctional Center.

## III. STANDARD

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

## IV. DISCUSSION

Biggins relies upon Rule 60(b)(6) - "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).

The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Rule 60(b)(6)

generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935 n.1 (3d Cir. 2005) (unpublished).

The court thoroughly reviewed the record and the case law in dismissing the case (D.I. 26) and in denying Biggins' motion for reconsideration (D.I. 29). In ruling on the instant motion, the court has once again reviewed the file. Biggins ignored court orders, ignored deficiency notices issued to him, never sought to amend his complaint, and never sought additional time to submit the correct USM-285 forms, all of which led to the dismissal of this case. It is evident that Biggins disagrees with the court's ruling. Regardless, this is an insufficient basis for relief under Rule 60(b)(6).

## V. CONCLUSION

For the reasons stated, the court will deny the motion for relief pursuant to Fed. R. Civ. P. 60(b)(6).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

\_\_\_Jan 13\_\_\_, 2016
Wilmington, Delaware